# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON MULVEY and CAROLYN MULVEY,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMERICAN AIRLINES INC., *et al.*,<br><br>    Defendants. | Civil Action No. 18-3119 (CKK) |

## MEMORANDUM OPINION
(March 6, 2019)

This lawsuit involves claims by *pro se* Plaintiffs Aaron and Carolyn Mulvey that Defendants American Airlines Inc. ("America"), Delta Air Lines Inc. ("Delta"), Southwest Airlines Co. ("Southwest"), and United Airlines, Inc. ("United") violated the Sherman Act, 15 U.S.C. §§ 1, 3, by "artificially inflating prices and conspiring with one another to commit fraud on the plaintiffs."[1] Complaint, ECF No. 1, ¶ 2; *see* Pls.' First Amended Complaint, ECF No. 19 (incorporating by reference the allegations of the Complaint). Pending before this Court is Defendants American Airlines, Inc. and Delta Air Lines Inc's [9] Motion to Dismiss, which alleges that Plaintiffs lack standing under Article III and antitrust laws. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as it currently stands, the Court GRANTS

---

[1] Plaintiffs are both attorneys.

[2] The Court's consideration has focused on the following documents:
- Plaintiffs' Complaint, ECF No. 1 ("Pls.' Compl.");
- Motion to Dismiss by Plaintiffs American Airlines, Inc. and Delta Air Lines Inc. ("Defs.' Mot."), ECF No. 9, the Memorandum in Support of the Motion to Dismiss, ECF No. 9-1 ("Defs' Memo."), and the Errata to that Motion, ECF No. 10 (correcting the signature pages);
- Plaintiffs' First Amended Complaint, ECF No. 19 (which incorporates by reference their Complaint) ("Pls' First Am. Compl."); and

1

Defendants American Airlines, Inc. and Delta Air Lines Inc's [9] Motion to Dismiss and dismisses without prejudice Plaintiffs' claims against these two Defendants.

## I. BACKGROUND

Plaintiffs' case was transferred to this Court based upon American, Delta and United "fil[ing] a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation ("JPML")." Joint Stipulation Extending Time to Respond to Complaint, ECF No. 4 (extending the time for Defendants American and Delta to respond to the Complaint); *see In Re Domestic Airline Travel Antitrust Litigation*, 15mc1404 (CKK). In the underlying MDL action referenced above, Defendants Southwest and American have entered into Settlement Agreements with the Plaintiffs' Class Counsel, and notification of the settlements was provided to putative class members. According to Plaintiffs' Class Counsel, an opt-out request was received from the Plaintiffs in this case, Aaron and Carolyn Mulvey, and accordingly, these Plaintiffs are not part of the settlement class in the underlying MDL action.

On January 25, 2019, Defendants American and Delta filed their [9] Motion to Dismiss, On January 31, 2019, this Court issued an Order notifying the *pro se* Plaintiffs that they had until February 25, 2019 to respond to the [9] Motion to Dismiss, and furthermore, that such response should include "either an Amended Complaint, or a precise statement of the nature of the claims they are making in their Complaint and the legal grounds in order to assist the Court and parties in determining [Plaintiffs'] claims." Order, ECF No. 16. Plaintiffs responded to the Motion to Dismiss by filing a two-page First Amended Complaint, which was accepted by this Court for

---

- Defendants' Reply in Support of their Motion to Dismiss or, in the Alternative, Motion to Dismiss the First Amended Complaint, ECF No. 18 (Defs.' Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

filing on March 4, 2019, despite several procedural deficiencies including Plaintiffs' failure to include a certificate of service, failure to request leave to amend pursuant to Fed. R. Civ. P. 15 (a)(2), and the questionable timeliness of the filing, which was received in the Clerk's Office on February 26, 2019.[3] That First Amended Complaint incorporates by reference the allegations in Plaintiffs' original Complaint, and it adds the following paragraph:

> Plaintiffs hereby supplement Plaintiff's Original Complaint and additionally allege that they do have Article III and Antitrust standing. Specifically, the Plaintiffs purchased airline tickets from both Delta Airlines Co. and American Airlines, Inc. and have in turn suffered concrete harm. While the plaintiffs frequently travel on Southwest Airlines, the plaintiffs purchased airfare from defendants Delta Airlines Co. and American Airlines, Inc. and have in turn been harmed. These allegations in supplement to the plaintiffs' original complaint filed at cause number 3:18-cv-3038, in the Northern District of Texas, establish that the Plaintiff has both Article III standing and Antitrust standing.

Plaintiffs' First Amended Complaint, ECF No. 19, at 1-2. Defendants filed their [18] Reply in Support of their Motion to Dismiss or, in the Alternative, Motion to Dismiss the First Amended Complaint.

## II. LEGAL STANDARD

When a motion to dismiss is filed, a federal court is required to ensure that it has "the 'statutory or constitutional power to adjudicate [the] case[.]'" *Morrow v. United States*, 723 F. Supp. 2d 71, 77 (D.D.C. 2010) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). "Federal courts are courts of limited jurisdiction" and can adjudicate only those cases or controversies entrusted to them by the Constitution or an Act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "In an attempt to give meaning to Article III's

---

[3] This Court's Order Establishing Procedures, ECF No. 14, at ¶ 7(A) states that "Motions for extensions of time **must be filed at least four (4) business days prior to the first affected deadline.**"

3

case-or-controversy requirement, the courts have developed a series of principles termed 'justiciability doctrines,'" including the doctrines of standing and ripeness. *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

### A. Standing Under Article III

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). A case or controversy exists only if the plaintiff has standing, which is a "predicate to any exercise of [the Court's] jurisdiction." *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012). Because standing is a "threshold jurisdictional requirement," a court may not assume that a plaintiff has standing to proceed to evaluate a case on its merits. *Bauer v. Marmara*, 774 F.3d 1026, 1031 (D.C. Cir. 2014). A plaintiff "bears the burden of showing that he has standing for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). If standing "is lacking, then the dispute is not a proper case or controversy, [and] the courts have no business deciding it or expounding the law in the course of doing so." *Dominguez*, 666 F.3d at 1361 (alteration in original, quotation omitted). "[E]very federal court has a special obligation to satisfy itself of its own jurisdiction before addressing the merits of any dispute." *Dominguez*, 666 F.3d at 1362 (quotation omitted).

To establish constitutional standing, a plaintiff bears the burden of demonstrating that it "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, — U.S. —, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (citing *Lujan*, 504 U.S. at 560-61 (1992)); *Andrx Pharm., Inc. v. Biovail Corp. Int'l*, 256 F.3d 799, 806 & n.9 (D.C. Cir. 2001)

4

("As in any civil action for damages, the plaintiff in a private antitrust lawsuit must show that the defendant's illegal conduct caused its injury . . . The plaintiff's first step is to plead an injury-in-fact.") At the pleading stage, this requires Plaintiff to "'clearly . . . allege facts demonstrating' each element." *Spokeo,* 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Plaintiff cannot "rely on a bare legal conclusion" to establish an injury-in-fact. *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011); *see Martin-Trigona v. Fed. Reserve Bd.*, 509 F.2d 363, 367 (D.C. Cir. 1974) (in determining standing, conclusory statements are insufficient allegations of an injury in fact).

**1. Injury in Fact**

The critical question in this case centers around injury in fact, which is the "'[f]irst and foremost'" element of standing. *Spokeo*, 136 S. Ct. at 1547 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (alteration in original)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (quoting *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id*. (quoting *Lujan*, 504 U.S. at 560 n.1). For an injury to be "concrete," it "must be 'de facto'; that is, it must actually exist." *Id.* (quoting Black's Law Dictionary 479 (9th ed. 2009)). "Concrete" is not "necessarily synonymous with 'tangible,'" and can include the "risk of real harm." *Id.* at 1549.

Plaintiffs in the instant case have failed to meet their burden in establishing that they have met the minimum requirements of standing because they have not established an injury in fact. In their First Amended Complaint, they allege generally that they purchased tickets from Defendant airlines, but they do not allege that the tickets were for domestic flights, at artificially inflated

prices, or during the relevant period. Absent facts establishing that "plaintiffs purchased [the relevant] services from defendants" and thereby "paid the alleged[ly]" unlawful prices, the Complaint lacks "basic facts to support an inference that each plaintiff was harmed." *Oxbow Carbon & Minerals LLC v. Union Pac. R.R. Co.*, 926 F. Supp. 2d 36, 43 (D.D.C. 2013). Standing "is not dispensed in gross," and the fact that other consumers purchased airline tickets is irrelevant to the Mulveys' lawsuit because "each plaintiff must demonstrate that it has suffered injury in order to establish standing." *Id.* (quotation omitted); *see In re Opana ER Antitrust Litig.*, 2016 WL 738596, at *4-5 (N.D. Ill. Feb. 25, 2016) (assessing whether opt-out plaintiffs independently had Article III standing). To permit a deviation from the "threshold" standing requirements would open the doors to a "seemingly unlimited number" of non-purchaser plaintiffs who "could assert a virtually unlimited" number of claims, *Montreal Trading Ltd. v. Amax Inc.*, 661 F.2d 864, 867-68 (10th Cir. 1981) (finding no standing for "nonpurchasers"). For the reasons set out *infra*, the Court accordingly finds that Plaintiffs lack Article III standing.

**B. Antitrust Standing**

In a private action for alleged antitrust violations, "a plaintiff must go beyond showing that it meets the Article III standing requirements of injury, causation, and redressability; it must also demonstrate 'antitrust standing.'" *Novell, Inc. v. Microsoft Corp.*, 505 F. 3d 302, 310 (4th Cir. 2007). "Harm to the antitrust plaintiff is sufficient to satisfy the constitutional standing requirement of injury in fact, but the court must make a further determination whether the plaintiff is a proper party to bring a private antitrust action." *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 535 n. 31 (1983). Antitrust standing requires *inter alia*: 1) an injury that the antitrust laws were designed to prevent and that flows from that which makes defendants' acts unlawful; (2) direct and non-speculative damages to plaintiffs' business or

6

property; and (3) proper-plaintiff status, which ensures that other parties are not better situated to sue. *Adams v. Pan Am. World Airways, Inc.*, 828 F.2d 24, 26-27 (D.C. Cir. 1987); *see Andrx.*, 256 F.3d at 806; *Nat'l ATM Council, Inc. v. Visa Inc.*, 922 F. Supp. 2d 73, 81 (D.D.C. 2013). "[A]ntitrust standing is a threshold, pleading-stage inquiry and when a complaint by its terms fails to establish this requirement [it] must [be] dismiss[ed] as a matter of law." *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 450 (6th Cir. 2007) (en banc). Antitrust standing is limited to "proper parties" in recognition that under antitrust law, "defendants who may have violated a provision of the antitrust statutes are not liable to every person who can persuade a jury that he suffered a loss in some manner 'that might conceivably be traced' to the conduct of the defendants." *Reading Indus., Inc. v. Kennecott Copper Corp.*, 631 F.2d 10, 12 (2d Cir. 1980) (citation omitted); *NicSand*, 507 F.2d at 449-50 (This type of standing is the "glue that cements each suit with the purposes of the antitrust laws," and it "prevents abuses" of those laws.)

Because the Mulveys do not allege a purchase of any airline tickets during the relevant time frame, they do not have antitrust standing. *See Norris v. Hearst Tr.*, 500 F.3d 454, 466 (5th Cir. 2007 ("Plaintiffs [who] are neither consumers [purchasers of a relevant product] nor competitors in a relevant market" have not "suffered antitrust injury."); *see also Klein v. Am. Land Title Ass'n*, 560 F. App'x 1, 1-2 (D.C. Cir. 2014) (affirming dismissal for lack of antitrust standing when plaintiff "neither purchased nor was insured by" the relevant product). Furthermore, even Plaintiffs' allegations that they purchased tickets from Delta and American, without any additional information about such tickets, is not enough to give them antitrust standing. "[W]ithout knowing which specific products" Plaintiffs purchase, "it is impossible to determine" whether any alleged "increase in their price is the type of injury that furthers the object of the alleged conspiracy to fix prices" or otherwise was caused by Defendants' alleged conduct. *In re Magnesium Oxide Antitrust*

*Litig.*, 2011 WL 5008090, at *7 (D.N.J. Oct. 20, 2011); *see Johnson v. Comm'n on Presidential Debates*, 869 F.3d 976, 983 (D.C. Cir. 2017) (An "inability to define a commercial market in which [plaintiffs] operate" undermines antitrust standing and requires dismissal.)

### III. DISCUSSION

In their Reply, Defendants American and Delta address the sufficiency of the Plaintiffs' allegations in their First Amended Complaint, which incorporates by reference their Complaint. As a preliminary matter, Defendants note that an "attorney proceeding *pro se* is 'presumed to have knowledge of the legal system,' and '[a]s a result, he is not entitled to the same level of solicitude often afforded non-attorney litigants proceeding without legal representation.'" *Lovitky v. Trump*, 308 F. Supp. 3d 250, 254 (D.D.C. 2018) (Kollar-Kotelly, J.) (quoting *Lempert v. Power*, 45 F. Supp. 3d 79, 81 n.2 (D.D.C. 2014) (Kollar-Kotelly, J.)). Accordingly, *pro se* attorneys "need less protection from the court," and their "*pro se* status will not weigh in favor of denying the defendants' motions to dismiss." *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 234-35 (D.D.C. 2007), *aff'd*, 2007 WL 4589770 (D.C. Cir. Aug. 27, 2007). Defendants assert further that Plaintiffs' First Amended Complaint should not be construed as an opposition to Defendants' motion to dismiss because a "plaintiff may not amend [its] complaint by the briefs in opposition to a motion to dismiss." *Middlebrooks v. Godwin Corp.*, 722 F. Supp 2d 82, 87 n.4 (D.D.C. 2010), *aff'd*, 424 F. App'x 10 (D.C. Cir. 2011). Furthermore, Plaintiffs were instructed by this Court to "<u>include in their response</u> to Defendants' Motion to Dismiss either an Amended Complaint, or a precise statement of the nature of the claims they are making . . . and the legal grounds" for those claims. January 31, 2019 Order, ECF No 16 (emphasis added). This Order did not anticipate Plaintiffs' filing of an amended complaint with nothing more.

8

Defendants argue that Plaintiffs' First Amended Complaint is both procedurally and substantively deficient. Beginning with the procedural violations, Defendants explain that "Plaintiffs emailed American and Delta an Amended Complaint on February 21, 2019 – and indicated that they would mail the same document" but that does not constitute the requisite timely filing with the clerk or the judge. *See* Fed. R. Civ. P. 5(d)(2); Local Civil Rule 5.1(a). In this case, the First Amended Complaint was mailed to the Clerk's Office (without including a certificate of service), and it was postmarked February 21, 2019, and date stamped February 26, 2019, which was one day after the deadline set by this Court. Because there was only a one-day delay, and it was postmarked February 21, 2019, and a copy was previously emailed to American and Delta, this Court shall not dismiss Plaintiffs' First Amended Complaint on grounds that it is untimely and did not include a certificate of service. Nor shall this Court dismiss Plaintiffs First Amended Complaint on grounds that Plaintiffs did not request leave of Court to amend their Complaint, pursuant to Fed. R. Civ. P. 15 (1), as it is arguable perhaps that the Court's January 31, 2019 Order granted Plaintiffs advance permission to amend their Complaint.

Putting aside the procedural deficiencies of the Plaintiffs' Amended Complaint, this Court finds that the allegations contained in the First Amended Complaint do not sufficiently indicate that Plaintiffs have an actionable claim against Defendants American and Delta. Plaintiffs state merely that they have "purchased airline tickets from both Delta Airlines Co and American Airlines Inc. and have in turn suffered concrete harm." First Amended Complaint, ECF No. 19, at 1. Plaintiffs do not indicate however that the airline tickets were for a "domestic flight, at artificially inflated prices, during the relevant period." Defs' Reply, ECF No. 18, at 8-9. Accordingly, because Plaintiffs' First Amended Complaint lacks basic facts supporting an inference that each plaintiff was harmed, it fails to satisfy "threshold" standing requirements.

*Oxbow*, 926 F. Supp. 2d at 43; *see GEICO Corp. v. Autoliv, Inc.*, 345 F. Supp. 3d 799, 818-19, 827-28 (E.D. Mich. 2018) (dismissing for lack of Article III and antitrust standing when an opt-out plaintiff failed to allege purchases causing injury). Moreover, Plaintiffs' assertion that they "suffered concrete harm" is simply a "conclusory statement[ ] [or] legal conclusion[ ]," which is "insufficient to state a plausible basis for standing." *Williams v. Lew*, 819 F.3d 466, 472 (D.C. Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). Similarly, Plaintiffs lack antitrust standing because they "advance [no] plausible allegations regarding any purchase in *any* market for air transportation." Defs.' Mem., ECF No. 9-1, at 6. *See National ATM Council v. Visa Inc.* 922 F. Supp. 2d 73, 86 (D.D.C. 2013) (in a case alleging conspiracy to impose ATM access fees, even where plaintiffs were able to allege the payment of at least one ATM fee and show that they were consumers of the relevant product at issue, they did not have antitrust standing because they did not plausibly allege that they conducted transactions at the specifically impacted ATMs, and that "mean[t] that there [was] no link between the alleged harm to competition and the plaintiff's pocketbook.") The fact that other consumers may have antitrust standing as part of the class is irrelevant, because the Mulveys opted out of the settlement. *See GEICO*, 345 F. Supp. 3d at 827-28 & n. 5 (It is "wholly immaterial" that other purported class members "have been included in settlement classes in the multidistrict litigation without having to make [a] showing [of antitrust standing]" where Plaintiff opted out of participating in the settlement and is pursuing his own claims. ); *see also Stills v. Dairy Farmers of Am, Inc.* 276 F. Supp. 3d 195, 203-04 (D. Vt. 2017) ("Unless or until [opt-out] Plaintiffs can allege they suffered discernible injuries as a result of Defendants' alleged [antitrust violation], they lack antitrust standing.") Accordingly, Plaintiffs lack both Article III and antitrust standing, and their First Amended Complaint, which incorporates by reference their Complaint, shall be dismissed.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' [9] Motion to Dismiss because of Plaintiffs' lack of standing. The Court shall DISMISS WITHOUT PREJUDCE Plaintiffs' First Amended Complaint (incorporating by reference their Complaint) against Defendants American Airlines Inc. and Delta Air Lines Inc. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
UNITE STATES DISTRICT JUDGE